MARY LOUISE MATAYKA, Plaintiff-Appellant, *v.* AUGUSTINE MELIA, Indiv. and d/b/a Titus Construction Company, Defendant-Appellee.

First District (4th Division)   No. 82—2777

Opinion filed November 10, 1983.

Charles G. Murphy and David G. Duggan, both of Chicago, for appellant.

Daniel A. Riley, of Riley, Riley and Riley, of Hickory Hills, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Mary Louise Matayka, appeals from an order of the circuit court which dismissed her complaint against defendant, Augustine Melia and his construction company. The issues raised on appeal are (1) whether plaintiff's action was brought within a reasonable time after enactment of section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—214), which shortened the statutory period within which plaintiff could bring suit, and (2) whether section 13—214 of the Code of Civil Procedure violates the Illinois and United States constitutions.

We affirm.

The facts are not in dispute. On July 28, 1978, plaintiff and defendant Melia signed a real estate contract for plaintiff to purchase a single-family home which was being built by defendant's construction company. On December 7, 1978, the parties signed the final documents and executed the real estate closing. The final agreement included a rider to the original contract. The rider specified that defendant would make certain repairs and additions and correct certain defects in the house. It was expressly provided that defendant was to perform the work within 90 days of the date of closing, with some allowance made for delays due to bad weather. Plaintiff moved into the house shortly after the closing and demanded that defendant perform his obligations under the December 7, 1978, agreement. After several unsuccessful demands by plaintiff, a written demand was made upon defendant by plaintiff's attorney in July 1979. That correspondence is not a part of the record on appeal.

On November 19, 1980, defendant was advised in writing by plaintiff's attorney that unless he acted to begin performance of his obligation within seven days plaintiff would pursue her rights in "another manner." There is no indication that defendant responded to the letter and he did not perform.

There is no indication of any further communication between the parties and no action was taken until June 11, 1982, when plaintiff filed a four-count complaint. Count I alleged breach of a written contract; count II alleged negligence in constructing the house; count III alleged breach of express warranty; and count IV alleged breach of implied warranty of habitability.

Prior to plaintiff's complaint of June 11, 1982, the Illinois General Assembly enacted section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—214). That statute read as follows:

"Construction - Design management and supervision. As used in this Section 'person' means any individual, any business or legal entity, or body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such per-

son in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a).

(c) If a person otherwise entitled to bring an action could not have brought such action within the limitation periods herein solely because such person was under the age of 18 years, or developmentally disabled, or mentally ill, or imprisoned on criminal charges, the limitation periods herein shall not begin to run until the disability is removed.

(d) Subsection (b) shall not prohibit any action against a defendant who has expressly warranted or promised the improvement to real property for a longer period from being brought within that period.

(e) The limitations of this Section shall apply to all acts or omissions which occur on or after November 29, 1979.

(f) The limitations of this Section shall not apply to causes of actions arising out of fraudulent misrepresentations or to fraudulent concealment of causes of action."

The effect of the statute was to create a two-year limitation period for actions arising out of improvements to real property. On September 16, 1981, the statute was amended to delete paragraph (e).

The parties stipulated that prior to the enactment of section 13—214 of the Code of Civil Procedure the statute of limitations for actions arising out of a breach of a written contract was 10 years; for action in negligence, two years; and for a breach of implied warranty of habitability, five years. Plaintiff conceded that count II of her complaint alleging negligence was barred by the statute of limitation prior to filing of the complaint.

Defendant filed a motion to dismiss plaintiff's complaint, asserting the statute of limitations as a defense. The parties advised the court that the case presented an issue of first impression under the newly enacted statute. Written memoranda were submitted and the parties made oral arguments before the court made its ruling.

On November 3, 1982, the trial court granted defendant's motion to dismiss plaintiff's complaint and this appeal followed.

■ Plaintiff argues that her cause of action was not barred by the statute of limitations because it was brought within a reasonable time after enactment of section 13—214 of the Code of Civil Proce-

dure (Ill. Rev. Stat. 1981, ch. 110, par. 13—214). She cites *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782, as support for her argument. We do not agree with plaintiff's argument.

*Arnold Engineering* dealt with the statutory time limit for filing a workers' compensation claim. In that case, our supreme court reaffirmed the rule that no one has a vested right in a statute of limitation prior to its lapse and where a limitation period has not expired prior to amendment, the amendatory act controls all actions and remedies not previously barred. (72 Ill. 2d 161, 165.) The court noted that no prejudice resulted from an amendatory act where the party had a reasonable time after amendment in which to file his action. (72 Ill. 2d 161, 165.) In the instant case, the fundamental questions are whether the plaintiff had a reasonable time in which to file her claim and, if so, did she file within a reasonable time.

Plaintiff knew of the defects on December 7, 1978. Her attorney contacted defendant on July 9, 1979, seeking to force performance. The record does not contain a copy of the correspondence nor is there any indication that any further correspondence took place between the parties until November 19, 1980. On that date, plaintiff's attorney wrote to defendant seeking performance and threatened to pursue his client's rights in "another manner" if defendant did not respond within one week. Thus, it seems at that point plaintiff was put on notice that defendant might not perform willingly and that legal action might be necessary.

The record reflects no response from defendant within one week or at anytime (until after the suit was filed). Yet, plaintiff did nothing until June 11, 1982, when she filed suit—a time span of nearly two years.

It was during that hiatus between the letter of November 19, 1980, and the filing of the suit, that the legislature amended the statute to omit subsection (e). This was done on September 16, 1981. The effect of the legislature's action was to extinguish plaintiff's claim.

However, plaintiff could still have salvaged her claim if she had acted within a reasonable time. See *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513.

Plaintiff's claim was not filed until June 11, 1982, almost nine months after the amendment of the statute. We find that under the facts presented here, specifically, the plaintiff's long standing knowledge of the defects and defendant's obvious unwillingness to perform, plaintiff did not timely file suit, and under the statute she clearly had enough time to do so. Thus, the trial court did not err in dismissing

plaintiff's suit.

■ Plaintiff also contends that the statute in question (Ill. Rev. Stat. 1981, ch. 110, par. 13—214) is unconstitutional for two reasons: first, it violates the due process provisions of both the Federal and State constitutions; second, it is an unconstitutional grant of privilege by special legislation in contravention of the Illinois Constitution.

Plaintiff argues that section 13—214 of the Code of Civil Procedure is special legislation in that it provides specific categories of individuals in the construction industry with shortened exposure to liability. Plaintiff argues that the Illinois Constitution of 1870, article IV, section 22, forbids such legislation and that the legislature acted impermissibly in enacting the statute.

Plaintiff cites *Skinner v. Anderson* (1967), 38 Ill. 2d 455, 231 N.E.2d 588, in which the Illinois Supreme Court held that a statute was invalid because it granted exclusive immunity to architects and contractors and was not reasonably related to any legislative purpose.

Our supreme court considered a similar question in *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560. The court upheld the constitutionality of a statute requiring all medical malpractice claims to be brought against a physician or hospital within two years of the time the plaintiff knew of or should have known of the injury. In no event could action be brought more than four years after the act or omission complained of.

In *Anderson v. Wagner*, the court said that the legislature may constitutionally classify groups and objects for the purpose of legislation and control as long as there is a reasonable basis for differentiating between that group to which the law applies and that to which it does not. (79 Ill. 2d 295, 317.) Furthermore, if the classification bears a reasonable relation to the purposes of the act and the evil it seeks to remedy, it does not violate the constitutional proscription on special or local laws.

We reject plaintiff's argument that there is no link between the statute and permissible legislative purpose. Further, as discussed earlier, plaintiff's due process rights were not violated because she did have a reasonable time in which to seek judicial resolution of the matter.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.