## Kwame KALIMARA, Plaintiff–Appellant,

v.

## ILLINOIS DEPARTMENT OF CORRECTIONS, Michael P. Lane, Richard DeRobertis, Michael O'Leary, and Vernell Willis, Defendants–Appellees.

### No. 88–2822.

United States Court of Appeals, Seventh Circuit.

Submitted May 31, 1989.*

Decided July 14, 1989.

James Childs, Jr., Childs, Myers & Willis, Chicago, Ill., for plaintiff-appellant.

Bret A. Rappaport, Diane Curry Grapsas, Asst. Attys. Gen., Chicago, Ill., for defendant-appellee.

Before POSNER, RIPPLE, and MANION, Circuit Judges.

PER CURIAM.

Kwame Kalimara alleged that, on February 3, 1983, he was discharged from his job at the Stateville Correctional Library without explanation and in violation of his first, fourth, and fourteenth amendment rights. On January 29, 1988, Mr. Kalimara filed a complaint under 42 U.S.C. § 1983, seeking injunctive and monetary relief against the Illinois Department of Corrections and other named defendants. The defendants moved to dismiss Mr. Kalimara's complaint, alleging that it was untimely under the applicable statute of limitations. The district court granted defendants' motion and Mr. Kalimara timely appealed. We affirm.

Mr. Kalimara asks this court to reconsider whether the applicable statute of limita-

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." *See* Fed.R.App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

We also note that Mr. Kalimara's name alternately appears in this court's records as "Kalamara" and "Kalimara." "Kalimara" appears to be correct.

tions period for his section 1983 suit should be two years under Illinois' personal injury limitations period, Ill.Rev.Stat. ch. 110, para. 13–202, or five years under its "all civil actions not otherwise provided for" period, Ill.Rev.Stat. ch. 110, para. 13–205. This issue is well settled and we decline to reopen it. In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that the applicable statute of limitations for section 1983 claims is the state period for personal injury torts. In compliance with *Wilson*, this court explicitly held that Illinois' two-year period was the appropriate statute of limitations and addressed the issue of the retroactivity of the holding in *Wilson*. *Anton v. Lehpamer*, 787 F.2d 1141, 1146 (7th Cir.1986) (the statute of limitations for actions arising prior to *Wilson* is the shorter of either five years from the date the action accrued or two years from the date *Wilson* was decided). Since our decision in *Anton*, we have applied its holding consistently in countless cases. *See, e.g., Knox v. Cook County Sheriff's Police Dept.*, 866 F.2d 905, 907 (7th Cir.1988) (Illinois' two-year personal injury statute of limitations applies to federal § 1983 actions). Recently in *Owens v. Okure*, — U.S. —, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the Supreme Court reaffirmed its holding in *Wilson* and stressed that all section 1983 actions are to be governed by a single statute of limitations relating to personal injury in general, rather than by a statute of limitations limited to enumerated intentional torts. As the Court pointed out in *Owens*, there are two Illinois statutes of limitations that deal with intentional torts. *Owens*, 109 S.Ct. at 578–79 n. 8. One of these sections, containing a one-year statute of limitations, deals exclusively with enumerated intentional torts (slander, libel, and publication of matter violating the right of privacy). Ill.Rev.Stat. ch. 110, para. 13–201. The other, containing a two-year statute of limitations, lists several other intentional torts (false imprisonment, malicious prosecution, abduction, seduction, and criminal conversation). Ill.Rev.Stat. ch. 110, para. 13–202. However, it also applies generally to "[a]ctions for damages for an injury to the person" and therefore constitutes the general statute of limitations for personal injury actions within the meaning of *Wilson*. By contrast, paragraph 13–205, containing a five-year limitation period, does not mention personal injury actions and is the sort of residual or "catchall" limitation rejected in both *Wilson*, 471 U.S. at 278, 105 S.Ct. at 1948, and *Owens*, 109 S.Ct. at 582 n. 12. Ill.Rev.Stat. ch. 110, para. 13–205. The rule of *Anton* has been and continues to be the law of this circuit. We take this opportunity to expressly reaffirm that decision. To the extent that *Johnson v. Arnos*, 624 F.Supp. 1067 (N.D.Ill.1985) and *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985) (applicable statute of limitations for § 1983 suits is five years) express a different rationale, we respectfully express our disapproval.

Mr. Kalimara did not file his case by April 17, 1987, two years after the Supreme Court's decision in *Wilson*. Therefore, the district court's order dismissing Mr. Kalimara's complaint as time-barred is affirmed.

AFFIRMED.