**Paul KNOX, Plaintiff,**

v.

**Michael LANE, et al., Defendants.**

**No. 89 C 7771.**

United States District Court, N.D. Illinois, E.D.

Nov. 22, 1989.

---

Paul Knox, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Stateville Correctional Center ("Stateville") inmate Paul Knox ("Knox") tenders his self-prepared civil rights Complaint under 42 U.S.C. § 1983 ("Section 1983"), asking leave to file without prepayment of the filing fee. Knox sues in six separate counts challenging, on a variety of constitutional grounds, the reprimand and loss of job described in the next paragraph. For the reasons stated in this memorandum opinion and order, this Court finds the statute of limitations bars the claims asserted in all six counts of the Complaint and therefore (1) denies leave to file and (2) dismisses this action.

### Facts [1]

On May 7, 1986 Knox received a disciplinary ticket for failing to respond to an officer's request to lock up. That ticket led to disciplinary proceedings that resulted in a reprimand to Knox. In addition, on the morning after Knox received the ticket, a correctional officer informed him he was fired from his prison job. Knox contested the firing through the administrative grievance procedure, but the Administrative Review Board denied Knox's grievance on October 23, 1986.

### Statute of Limitations

Section 1983 has no self-contained limitations period. Instead it borrows the forum state's statute of limitations for general personal injury actions sounding in tort (*Wilson v. Garcia*, 471 U.S. 261, 276-79, 105 S.Ct. 1938, 1947-49, 85 L.Ed.2d 254 (1985)). Where as here a Section 1983 claim is Illinois-based, *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir.1989) (per curiam) has definitively identified the two-year period provided by Ill.Rev.Stat. ch. 110, ¶ 13-202 ("Section 13-202" [2]) as controlling.

Knox tendered his Complaint October 16, 1989, well past the two-year limit specified in *Kalimara* as to each of his claims. But this Court must look not only to the bare provisions of the limitations statute but also to any applicable Illinois tolling provision (*Hardin v. Straub*, —— U.S. ——, 109 S.Ct. 1998, 2000, 104 L.Ed.2d 582 (1989)). If any state enacts a tolling provision recognizing incarceration as a disability, the federal courts within that state must apply the tolling provision when determining the timeliness of an inmate's Section 1983 suit (*id.*, 109 S.Ct. at 2003).

Illinois has traditionally tolled the statute of limitations for actions accruing while a person is imprisoned (see *Knox v. Cook County Sheriff's Police Department*, 866 F.2d 905, 907 (7th Cir.1988)). But effective November 23, 1987 [3] the Illinois General Assembly amended Ill.Rev.Stat. ch. 110, ¶ 13-211 ("Section 13-211") to remove a broad class of litigation from the reach of the tolling provision previously available to prison inmates. Now that statute reads:

> If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Act, at the time the cause of action accrued, (i) is under the age of 18

---

1. Because the disposition of this action is based on its untimely filing, only the bare bones of Knox's claims need be set out.

2. This opinion's use of "Section," while the Smith–Hurd Annotated version of the Illinois statutes employs a "¶" sign, conforms to the Illinois General Assembly's own use of "§" rather than "¶."

3. See Pub. Act 85–907, Art. II, § 1 (1987 Ill. Laws 3835).

years, (ii) is under legal disability, or (iii) is imprisoned on a criminal charge and the claim is not against the Illinois Department of Corrections or any past or present employee or official of the Department of Corrections, then he or she may bring the action within two years after (i) the person attains the age of 18 years, (ii) the disability is removed, or (iii) the person ceases to be imprisoned.

By excluding actions against correctional officials from any relief via tolling, Section 13–211 effectively makes all prison-related inmate Section 1983 suits subject to the general two-year limitations period endorsed by *Kalimara.* If applied retroactively, the amendment would unquestionably bar all Knox's claims because they are (1) against prison officials and (2) based on injuries Knox suffered more than two years earlier. That prospect mandates examination of the Illinois rules as to the retroactive effect to be given to a statute or amendment shortening a limitations period.

*Phillips Products Co. v. Industrial Commission,* 94 Ill.2d 200, 203–04, 68 Ill. Dec. 500, 502, 446 N.E.2d 234, 236 (1983) states the well-settled general rule in Illinois:

> An amendment shortening a statute of limitations is applied retroactively if application of the amendment leaves the claimant with a reasonable amount of time after the amendment's effective date to file his claim.

In making that "reasonable amount of time" determination, courts look first to the period between the effective date of the amendment and the date on which the pre-existing cause of action would be barred under the amendment as applied (*Moore v. Jackson Park Hospital,* 95 Ill.2d 223, 233, 69 Ill.Dec. 191, 195, 447 N.E.2d 408, 412 (1983); see *Anton v. Lehpamer,* 787 F.2d 1141, 1146 n. 6 (7th Cir.1986)). If a reasonable period remains under the statute as amended, the new period applies; if not, the court provides a reasonable period (*Mega v. Holy Cross Hospital,* 111 Ill.2d 416, 420–21, 95 Ill.Dec. 812, 814, 490 N.E.2d 665, 667 (1986)). "What constitutes

a reasonable time will depend on the facts of each case" (*Majidi v. Palmer,* 175 Ill. App.3d 679, 684, 125 Ill.Dec. 148, 151, 530 N.E.2d 66, 69 (2d Dist.1988)).

Knox's shotgun approach to his grievances advances claims running all the way from May 1986 (when he was ticketed, disciplined and fired) through October 1986 (when the Administrative Review Board rejected his grievance) to February 1987 (when Illinois Department of Corrections Director Michael Lane ("Lane") turned down Knox's request for a rehearing of that rejection). If two years is tacked on to each of those dates, Knox had anywhere from something less than six months following Section 13–211's effective date to some 11 months to about 15 months to file suit on the respective claims.

Illinois offers sparse case law treating with the situation where a plaintiff still has a viable claim at the time that legislation shortening a limitations period takes effect. But the few reported decisions cut short a pre-existing cause of action when the new legislation leaves plaintiff as little as eight months to file his action within the amended limitations period (*Anderson v. Wagner,* 79 Ill.2d 295, 323, 37 Ill.Dec. 558, 571, 402 N.E.2d 560, 573 (1979), *appeal dismissed sub nom. Woodward v. Burnham City Hospital,* 449 U.S. 807, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980) (eight-month period reasonable); accord, *Charles v. Meyer Medical Group, S.C.,* 96 Ill.App.3d 275, 278, 51 Ill.Dec. 826, 828, 421 N.E.2d 334, 336 (1st Dist.1981) (14–month period reasonable)). What those cases teach is that Knox clearly had, but failed to take advantage of, a reasonable statutory period (the combination of Sections 13–202 and 13–211) as to all his claims except those arising in May 1986.

Because no reported case has dealt with as little as the six-month period that Knox had available to him as to the May 1986 claims, it will be assumed arguendo that so short a period would *not* be a "reasonable amount of time" in the *Phillips Products* sense—the assumption most favorable to Knox. But that did not entitle Knox to ignore altogether the changes wrought by

the Section 13–211 amendment: He must still have filed suit within a reasonable time after the statute's effective date (see *Mega*, 111 Ill.2d at 422, 95 Ill.Dec. at 815, 490 N.E.2d at 668; *Meegan v. Village of Tinley Park*, 52 Ill.2d 354, 359, 288 N.E.2d 423, 426 (1972)). Here Knox waited nearly 23 months after the November 1987 effective date to bring his Complaint. That leaves the question whether Illinois courts would find that delay unreasonable.[4]

*Mega*, 111 Ill.2d at 422, 95 Ill.Dec. at 815, 490 N.E.2d at 668 determined that the "reasonable time" rule did not permit a plaintiff to postpone the filing of his or her suit beyond the limitations period established by the new repose statute, even if that plaintiff did not discover his or her claim until after expiration of the limitations period. That principle sets an absolute outside limit of November 23, 1989 for Knox's filing—and Knox got under the wire in those terms.

But the cases have consistently applied a materially shorter time period to cases where (as here) plaintiff was aware of his or her claim when the amendment shortening the limitations period took effect. *Matayka v. Melia*, 119 Ill.App.3d 221, 224, 74 Ill.Dec. 851, 853, 456 N.E.2d 353, 355 (1st Dist.1983) found a delay of nearly nine months after the amendment of a statute to be unreasonable. Although *Matayka* appears somewhat harsh (cf. this Court's opinion in *Shorters v. City of Chicago*, 617 F.Supp. 661, 668 (N.D.Ill.1985) (dictum discussing Illinois cases holding delays of eight or nine months to be reasonable)), Illinois courts have regularly found delays of more than a year unreasonable (e.g., *Signode Corp. v. Normandale Properties, Inc.*, 177 Ill.App.3d 526, 532, 126 Ill.Dec. 797, 801, 532 N.E.2d 482, 486 (1st Dist. 1988) (22–month delay unreasonable); *Majidi*, 175 Ill.App.3d at 684, 125 Ill.Dec. at 151, 530 N.E.2d at 69 (20–month delay unreasonable); *People ex rel. Skinner v. Graham*, 170 Ill.App.3d 417, 432, 120 Ill. Dec. 612, 620, 524 N.E.2d 642, 650 (4th

Dist.1988) (15½-month delay unreasonable); *DeSeve v. Ladd Enterprises, Inc.*, 137 Ill. App.3d 796, 801, 92 Ill.Dec. 365, 368, 484 N.E.2d 1220, 1223 (2d Dist.1985) (17–month delay unreasonable, but suggesting no more than a 12–month delay would be permissible); *Charles*, 96 Ill.App.3d at 278, 51 Ill.Dec. at 828, 421 N.E.2d at 336 (19–month delay unreasonable)).

Several of this Court's colleagues, applying Illinois law to determine the timeliness of a prisoner civil rights case filed after the Section 13–211 amendment, have been a bit more generous in divining what Illinois courts would consider to be a reasonable time. In *Taylor v. Krolikiewic*, 1989 WL 103363, 1989 U.S. Dist. LEXIS 10160 (N.D. Ill. Aug. 24, 1989) Chief Judge John Grady sustained a claim filed 13 or 14 months after the amendment's effective date. And in *Kimble v. O'Leary*, 1989 WL 105221, 1989 U.S. Dist. LEXIS 10446 (N.D.Ill. Aug. 30, 1989) Judge Marvin Aspen found a 15–month period reasonable. In contrast, in *Turner v. O'Leary*, 89 C 5003 (N.D.Ill. Aug. 31, 1989) Judge James Moran dismissed as untimely a Section 1983 suit brought by a litigious inmate more than 20 months after the effective date of the amendment.

Knox can find no comfort in any of the reported case law—either the Illinois cases or the few more lenient federal decisions. His 23–month delay must be labeled as unreasonable in all events, thus leaving Section 13–211 fully retroactive as to all his claims. Because Knox did not submit his Complaint within a reasonable time after Section 13–211 eliminated the tolling provision for inmate actions against prison officials, the statute of limitations bars him from pursuing the claims alleged in all six counts of the Complaint.

Knox also asserts another claim that does not appear in the six formal counts of the Complaint. Complaint ¶ 26 (incorporating Knox's Ex. R) alleges that Stateville Lieutenant Glenn Johnson ("Johnson") harassed him on February 16, 1989. Because

---

**4.** Obviously an affirmative answer to that question will provide an independent second ground for barring Knox's post-May-1986 claims, as well as furnishing a basis for outlawing the May 1986 claims.

that harassment claim arose less than two years ago, it is timely presented. It fails, however, because it is frivolous as a matter of law.

From Complaint Ex. R (a letter from Knox to Lane) it appears that Knox objects to the way Johnson treated him one day when he was working in the law library. Johnson allegedly allowed everyone but Knox to go directly from the library to the "Chow Hall" for lunch. Johnson instead made Knox return to his cellhouse unit to eat with his fellow prisoners in that unit.

Absent any implication of some constitutionally protected right or interest, allegations of mere harassment are not actionable under Section 1983 (see *Easter House v. Felder*, 879 F.2d 1458, 1477 (7th Cir. 1989) (en banc)). Johnson's alleged "harassment" is trivial at best. No federal court can act as referee for every minor squabble between an inmate and a state prison guard. Knox's pique with Johnson clearly is of no constitutional significance.

### Conclusion

All of Knox's claims arising after May 1986 are doubly barred by limitations, and his May 1986 claims too are outlawed by his 23-month delay in filing after the effective date of the Section 13–211 amendment. Accordingly all claims asserted in the six counts of the Complaint are frivolous as a matter of law (see *Williams v. Fulton County Jail*, 575 F.Supp. 306, 309 (N.D.Ill. 1983), *appeal dismissed as frivolous*, No. 84–1473 (7th Cir. May 31, 1984)). Knox's remaining harassment claim lacks an arguable basis in law or in fact and is thus also frivolous within the definition of *Neitzke v. Williams*, —— U.S. ——, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). In accordance with the procedure prescribed by *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir.1988), this Court therefore denies Knox's motion for leave to file in forma pauperis and dismisses this case with prejudice under 28 U.S.C. § 1915(d).[5]

---

5. As is consistently true in pro se in forma pauperis prisoner cases (Section 1983, habeas corpus or any other), the analysis here owes much to the efforts of Staff Attorney Dale Hayes, Esq., who reviews such cases when first filed and—where appropriate—prepares a proposed draft opinion. As with this Court's law clerks, of course, no fault is to be attached to Mr. Hayes if this opinion's analysis and conclusions do not bear scrutiny. This Court reworks every draft sentence by sentence, reads every case cited and does its own research, so that Mr. Hayes is entitled to credit but no possible blame.