**Gerald T. SMITH et al., Plaintiffs,**

v.

**NATIONAL HEALTH CARE SERVICES OF PEORIA et al., Defendants–Appellees.**

**Appeal of J. Brian HELLER, attorney for Plaintiffs.**

**No. 90–1486.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 29, 1991.

Decided May 23, 1991.

Harry M. Williams, Peoria, Ill., J. Brian Heller, Washington, Ill., for plaintiffs.

James L. Hafele, Hafele, Thiemann & Carter, Frederick G. Hoffman, Peoria, Ill., Thomas M. Schmidt, Livingstone, Mueller, O'Brien & Davlin, Springfield, Ill., Mary W. McDade, Charles D. Knell, Quinn, Johnston, Henderson & Pretorius, Chris L. Fre-

dericksen, Asst. State's Atty., Peoria, Ill., for defendants-appellees.

Before WOOD, Jr., FLAUM, and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This case involves an appeal from an award of sanctions against attorney for plaintiffs, J. Brian Heller. On behalf of his clients, Heller filed a § 1983 action in the district court. In his first amended complaint, Heller added additional defendants. The district court subsequently dismissed some of the claims as barred by the statute of limitations, and stated that "[t]here is no dispute among the parties that a two-year statute of limitations applies here...." Dist.Ct. Order of November 17, 1988, at 2. Heller then filed a second amended complaint including the time-barred claims, and cited district court opinions and new Supreme Court precedent in support of a different statute of limitations. The court dismissed the claims as time-barred, and denied a subsequent motion to reconsider the issue of the appropriate statute of limitations for the § 1983 action. In a third amended complaint, Heller set forth the previously-dismissed claims, including the time-barred claims, in a section of the complaint entitled "Preserved Claims of Plaintiff Smith Against National Health Care." Immediately following this caption, Heller included the following statement: "Plaintiff restates the following claims for the purpose of demonstrating that he has not abandoned them and that he preserves his right to appeal with respect to said claims." The court reconsidered and dismissed some of those claims and imposed sanctions on Heller for pursuing the time-barred claims in light of *Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276 (7th Cir.1989), which held that the two-year statute of limitations in Illinois applied to § 1983 claims.

> In ordering sanctions, the court declared: *Kalimara* leaves no doubt that the statute of limitations for § 1983 actions is two years in Illinois. Any pleading after this decision that asserts a different stat-ute of limitations violates Rule 11. The court hereby sanctions plaintiffs' counsel, J. Bryan Heller, in the amount of $100....

Dist.Ct. Order of January 29, 1990, at 11, citing *Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276 (7th Cir.1989). That language indicates that the court imposed sanctions because Heller argued that a different statute of limitations applied. Earlier in the order, however, the district court stated that "[w]hen a court dismisses claims, they are automatically preserved for appeal. Repleading dismissed claims, even under a section entitled preserved claims, is improper." The court also discussed the repleading issue at some length in its order disposing of the motion to reconsider sanctions. That discussion indicates that Heller may have been sanctioned because he included the time-barred claims in the third amended complaint. We will assume that the imposition of sanctions was based upon both the repleading of dismissed claims and the assertion of claims without an adequate basis in law.

Regardless of which issue formed the basis for sanctions, the issue in this case concerns the extent to which Rule 11 bars an attorney from taking certain legal positions in a case. Under Rule 11, there must be "reasonable inquiry" into the law, and the legal theory must be objectively "warranted by existing law or a good faith argument" for the modification of existing law. The decision of the district court to impose sanctions will not be overturned unless it constitutes an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928 (7th Cir.1989) (*en banc*).

I

A. Adequate Basis in Law

The first issue, then, is whether Heller's position regarding the statute of limitations constituted a good faith argument for the modification of existing law. In *Szabo Food Service, Inc. v. Canteen*

*Corp.*, 823 F.2d 1073 (7th Cir.1987), we emphasized that Rule 11 should not be used to deter lawyers from challenging the law even if the arguments for change were not likely to be successful. 823 F.2d at 1081–82. We further noted that "the complaint need not and should not contain citations to legal argument." 823 F.2d at 1082. In order to determine whether the complaint is an effort to change law rather than a refusal to acknowledge adverse precedent, a court must examine later arguments by counsel in support of the complaint. 823 F.2d at 1082.

An examination of the legal arguments made by Heller to the district court and this court reveal that Heller acknowledges the adverse law in this circuit, but argues that the earlier cases were wrongly decided. This case is thus fundamentally different from a number of other Rule 11 cases, in which the party simply ignored contrary precedent. *See Szabo,* 823 F.2d at 1081, and cases cited therein. In this case, Heller supports his argument by analyzing Supreme Court cases regarding the statute of limitations appropriate to § 1983 actions. Heller maintains that those Supreme Court cases were misinterpreted by this court in *Kalimara,* which is the controlling case in this circuit regarding the statute of limitations issue.

Examination of that argument reveals that it is not without a good faith basis. In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that § 1983 actions should be governed by the state statute of limitations for personal injury actions. That holding did not eliminate confusion among the states, however, because some states had different statutes of limitations for personal injuries. As a result, the Court revisited the issue in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), and addressed the appropriate limitations period in states which had "one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions." 488 U.S. at 236, 109 S.Ct. at 574. The Court noted that every state has multiple intentional tort limitations provisions, and therefore

the only consistent approach would be to utilize the general or residual statute for personal injury actions. 488 U.S. at 243, 244 n. 8, 109 S.Ct. at 578, 578 n. 8. *Owens* reconciled its holding with *Wilson* by rejecting recourse to the residual provision in the first instance; the Court noted that "[c]ourts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions." 488 U.S. at 250 n. 12, 109 S.Ct. at 582 n. 12.

In light of *Wilson* and *Owens,* this court in *Kalimara* held that the two year limitations period found in Ill.Rev.Stat. ch. 110, para. 13–202, applied rather than the five year period found in Ill.Rev.Stat. ch. 110, para. 13–205. The court held that section 13–202, while enumerating certain intentional torts, "also applies generally to '[a]ctions for damages for an injury to the person,' and therefore constitutes the general statute of limitations for personal injury actions within the meaning of *Wilson.*" *Kalimara,* 879 F.2d at 277. In contrast, section 13–205 applied only to "all civil actions not otherwise provided for," and did not mention personal injury actions. The court therefore held that the residual provision was not the appropriate limitations period because the state did not provide multiple statutes of limitations for personal injury actions. 879 F.2d at 277.

■ Heller argues that the decision in *Kalimara* rested upon an inaccurate assessment of the scope of section 13–202. Illinois courts uniformly have interpreted the language in section 13–202 narrowly; as a result, the "injury to the person" language cited by this court in *Kalimara* has been interpreted as applying only to cases involving direct physical injury. *See Berghoff v. R.J. Frisby Mfg. Co.,* 720 F.Supp. 649, 652–53 (N.D.Ill.1989) (listing numerous cases in Illinois which limit the applicability of section 13–202). In other words, contrary to its express language, section 13–202 does not extend to all personal injury claims. Illinois courts have

interpreted the remaining personal injury claims as falling under section 13–205.[1] Heller analogizes the Illinois statutory scheme to the structure in Wisconsin which this court discussed in *Gray v. Lacke*, 885 F.2d 399 (7th Cir.1989). Wisconsin law provides a three-year limitations period for all actions to recover damages "for injuries to the person", whereas a six-year period is applied to actions "for an injury to the character or rights of another." 885 F.2d at 399; Wis.Stat.Ann. §§ 893.54, 893.53 (West 1983). In *Gray*, the court noted that Wisconsin thus possessed two statutes for injuries to the person, and that *Owens* required the residual statute for personal injury actions to be used. 885 F.2d at 407. The *Gray* court relied on Wisconsin law to determine that the personal rights statute constituted the residual statute in that state. 885 F.2d at 407–08. The court also noted that the language of the personal rights statute was consistent with the purpose of § 1983, which was to remedy a variety of claims extending beyond merely bodily injury. 885 F.2d at 408.

Heller argues that the same reasoning would require the use of the residual statute in Illinois. While the Wisconsin statute by its terms applies only to cases of physical injury, the Illinois statute is limited to the same extent by judicial interpretation. Therefore, Heller asserts that in both states the court must resort to the residual statute under the reasoning of the Supreme Court in *Owens*. In Illinois, the residual statute is clearly the five-year limitations period set forth in section 13–205. Accordingly, Heller argues that this court's decision in *Kalimara* is therefore inconsistent with *Owens* and *Gray*. This argument constitutes a good faith argument for the modification of existing law. Heller cites other cases in support of his position, but the cases discussed above are sufficient to defeat imposition of sanctions on this ground. This conclusion does not mean that appellant's challenge to *Kalimara* is correct or even likely to succeed, but rather that it constitutes a challenge with a good faith basis.

## B. Repleading of Dismissed Issues

 The decision of the court to impose sanctions was also based upon Heller's insistence on repleading the claims after the district court had twice dismissed them as time-barred. Heller directs the court to a number of sources which indicate that claims not included in an amended complaint are waived and cannot be pursued on appeal from the judgment on the amended complaint. Moreover, in his complaint Heller repeatedly labels these claims as "Preserved Claims of Plaintiff Smith Against National Health Care." Heller clarified this caption by stating immediately after it: "Plaintiff restates the following claims for the purpose of demonstrating that he has not abandoned them and that he preserves his right to appeal with respect to said claims." That caption and plaintiffs' response to the subsequent motion to dismiss clearly indicated that the repleading was designed to preserve the right to appeal.

This court in *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 682–83 (7th Cir.1990), stated that dismissed claims need not be included in an amended complaint, because the final judgment brings up all previous rulings in the case. Therefore, Heller did not have to replead the claims in order to present them on appeal. That case, however, was decided after the sanctions were imposed in this case.

Focusing on the caselaw at the time of the repleading, Heller notes that a number of courts required such repleading in order to preserve the issues. *See Sacramento Coca–Cola Bottling Co. v. Chauffeurs, Etc., Local 150 et al.*, 440 F.2d 1096 (9th Cir.1971); *see also* 6 Wright, Miller & Kane § 1476 (2d ed. 1990) (indicating that several courts hold that an appeal cannot involve

---

**1.** At least one brief by appellees indicates that state law is irrelevant to the determination of the appropriate statute of limitations. This statement is incorrect. State law is relevant to determine the scope and nature of its own limitations periods. Based upon those statutes of limitations, federal law then determines which provision is applicable to § 1983 actions. *See Gray v. Lacke,* 885 F.2d 399 (7th Cir.1989).

an attack on the original dismissal; noting a preferable position that would preserve the ability to raise the issues on appeal). In fact, Heller points out that the district courts in this circuit have allowed such repleading in some cases because of the uncertainty regarding the ability to appeal the issues otherwise. *See Bieneman v. City of Chicago,* 662 F.Supp. 1297, 1299 (N.D.Ill.1987); *Heller Intl. Corp. v. Sharp,* 1988 WL 13299, 1988 U.S.Dist.LEXIS 1341 (N.D.Ill. February 2, 1988). Moreover, *Bastian* is a recent case and appellees have not pointed out any Seventh Circuit precedent that existed at the time of the repleading regarding the ability to appeal dismissed issues. Heller's caution in repleading the claims should not in itself subject Heller to Rule 11 sanctions. His actions do not reflect a failure to investigate relevant law, but rather indicate a conscientious effort to ensure that issues are preserved for appeal. Therefore, sanctions should not have been imposed based solely on the repleading.

The reaction of the district court in this case is certainly understandable. The court already had dismissed these claims twice, and had denied a motion for reconsideration of the dismissal. Faced with yet another assertion of the same claims, the court imposed Rule 11 sanctions. Although we sympathize with the court's view, the sanctions cannot stand because plaintiff's repleading of the claims to preserve the appeal was not without some support in the law at that time—even though Judge Baker had anticipated the correct view. We note that the situation should not arise again in light of *Bastian,* which made it clear that in this circuit such repleading is unnecessary. If *Bastian* is not heeded sanctions may indeed follow.

In summary, analysis of authorities cited by Heller indicates that he had a sufficiently good faith basis for his arguments. The application of Rule 11 to legal arguments requires a balance between the need to penalize those who pursue frivolous litigation and the danger of deterring litigants or attorneys from arguing for a change in the law. It is not always an easy balance for a busy court to ascertain. The argument, however, proffered by the party need not be convincing or likely to succeed. In a case such as this one, in which opposing precedent is recognized and addressed, Rule 11 sanctions should not be imposed if the attorney makes a rational argument for modification of that precedent. On the other hand, the failure to acknowledge and address established, contrary caselaw could justify the imposition of sanctions.

## II

The decision of the district court imposing sanctions upon Heller is

REVERSED.