962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Peter D. JOHNSON, Plaintiff-Appellant,
v.
Michael P. LANE, Marjorie DONAHUE and Lyle AHRENS, et al.,
Defendants-Appellees.
 No. 90-3605.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided May 11, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Peter D. Johnson, an inmate at the Menard Correctional Center, appeals the district court's dismissal of his complaint brought pursuant to 42 U.S.C. §§ 1983 and 1985(3). The district court dismissed the complaint as untimely because the action was not filed within the two-year limitation period provided by Illinois law. See Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276 (7th Cir.1989). On appeal, Johnson challenges the constitutionality of a 1987 amendment to the Illinois statute governing tolling provisions for actions brought by prisoners and persons under legal disability. Ill.Rev.Stat. Ch. 110 p 13-211. Prior to the 1987 amendment, the statute tolled the limitation period for any suits brought by prisoners enabling these individuals to file their actions within two years of their release from prison. The 1987 amendment, however, specifically excluded from the tolling provision suits brought by prisoners against the Illinois Department of Corrections or its employees.[1]
 
 
 2
 Johnson's complaint alleged that employees and officials of the Menard Correctional Center conspired to deprive him of due process of the law by falsely accusing Johnson of assaulting a correctional officer. This charge resulted in disciplinary action, as well as criminal prosecution.[2] The district court determined that Johnson's action accrued in September, 1986, when prison disciplinary sanctions were imposed.[3]
 
 
 3
 The only issue on appeal is whether the Illinois tolling provision, as applied to prisoners, is constitutional. Prior to 1987, Ill.Rev.Stat. Ch. 110 p 13-211, entitled Minors and Persons Under Legal Disability, provided:
 
 
 4
 If the person entitled to bring an action, specified in Sections 13-201-13-212 of this Act, at the time the cause of action accrued, is under the age of 18 years, or under legal disability, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed.
 
 
 5
 The Illinois Legislature amended this provision, effective on November 23, 1987, to provide in pertinent part:
 
 
 6
 If the person entitled to bring an action, ... is imprisoned on a criminal charge and the claim is not against the Illinois Department of Corrections or any past or present employee or official of the Department of Corrections, then he or she may bring the action within 2 years after ... the person ceases to be imprisoned.
 
 
 7
 Johnson argues that the amended statute is constitutionally void, relying on the United States Supreme Court's opinion in Hardin v. Straub, 109 S.Ct. 1998 (1989). In Hardin, the Supreme Court reviewed the application of Michigan's tolling provisions as they affected § 1983 actions brought by state prisoners. The Michigan statute, like the unamended Illinois statute, tolled the statute of limitations for any action brought by a prisoner until he was freed from his incarceration. The Supreme Court reversed the opinion of the Sixth Circuit, 836 F.2d 549 (6th Cir.1987), which held that this lengthy tolling provision was inconsistent with the purposes of § 1983. The Supreme Court disagreed, holding that the state legislature could weigh competing interests and rationally conclude that such a tolling provision is consistent with § 1983's remedial purposes.
 
 
 8
 Johnson argues that Hardin mandates the tolling of a statute of limitations for suits brought by prisoners until they are released from custody. We disagree with this characterization. Instead, the Supreme Court's decision allows the individual states to determine the appropriate tolling provisions. While the Court upheld Michigan's statute, it explicitly recognized that state legislatures may choose not to enact tolling provisions affecting prisoners.
 
 
 9
 [M]any prisoners are willing and able to file § 1983 suits while in custody. Thus, a State reasonably could decide that there is no need to enact a tolling statute applicable to such suits.
 
 
 10
 Hardin, 109 S.Ct. at 2003.
 
 
 11
 Johnson also argues that the Illinois statute, as amended in 1987, violates the fourteenth amendment's guarantee of equal protection of the laws. The appellant claims that the statute impermissibly distinguishes between similarly situated prisoners. Johnson contends that there can be no rational reason to deny the benefits of the tolling provisions only to those who bring suits against the departments of corrections, while affording to prisoners filing any other type of suit the advantages of tolling statute.
 
 
 12
 We recently discussed this issue in Wilson v. Giesen, No. 91-1013, slip op. (Feb. 14, 1992). The appellant in Wilson also mounted an equal protection challenge to this Illinois tolling provision. In Wilson, we stated:
 
 
 13
 [T]he classification in the Illinois statute need only be rationally related to a legitimate governmental interest ... It is. The government has a legitimate interest in having prisoners bring their claims in a timely manner, promoting the efficient dispensation of justice and relieving IDOC [Illinois Department of Corrections] officers and employees from having to defend themselves against stale claims.
 
 
 14
 Wilson, No. 91-1013, slip op. at 11.
 
 
 15
 The Wilson court also explained the proper inquiry for determining whether an action is timely filed in light of the 1987 amendment. Under Illinois law the amendment "applies retroactively if the plaintiff has a reasonable time between the effective date of the amendment and the date when his claim would be barred under the amendment[.]" Id. at 6. The determination of whether a plaintiff has had a reasonable time in which to file his claim is decided on a case-by-case basis. The district court found that Johnson's action accrued in September 1, 1986. Johnson, however, did not file this law suit until May 30, 1989, seventeen months after the effective date of the amendment. "Illinois courts have found delays of more than one year unreasonable where the plaintiff knew of a claim before the shortening amendment took effect." Wilson, No. 91-1013 at 7 (citing Knox v. Lane, 726 F.Supp. 200, 203 (N.D.Ill.1989)). Under the 1987 amendment, Wilson's claim would have been barred if filed after September 1, 1988, which is two years after his action accrued and nine months after the tolling statute was amended. Yet, the plaintiff waited an additional eight months before filing his complaint. We hold that these delays were not reasonable, and thus, Johnson's claim is barred by the statute of limitations.
 
 
 16
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In 1991, the Illinois Legislature again amended the statute. This amendment completely eliminated the tolling of the statute of limitations for any suit initiated by prisoners. Wilson v. Giesen, No. 91-1013, slip op. at 5 (7th Cir. Feb. 14, 1992)
 
 
 [2]
 Johnson was acquitted of all criminal charges on October 15, 1986
 
 
 [3]
 For the first time on appeal, Johnson challenges the district court's factual finding as to the date his action accrued. However, as Johnson concedes in his reply brief, he has waived this issue by failing to raise it at the trial court level. Johnson also claimed for the first time on appeal that the defendants denied him access to legal materials. Thus, he argued that the defendants' interference with his access to the courts should excuse his inability to file suit within the statute of limitations. Again, in his reply brief Johnson concedes that this issue is waived