968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hinda MILLER and Charles G. Miller, Plaintiffs-Appellants,
v.
Joyce E. TUCKER, Marilyn T. Kuhr, Shelvin L. Hall, et al.,
Defendants-Appellees.
 No. 90-2932.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 26, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 This civil rights action arose out of charges filed by Hinda and Charles Miller with the Illinois Department of Human Rights alleging that the City of Chicago, through its Department of Inspectional Services and the Office of the Corporation Counsel, conspired with the Millers' neighbors to drive the Millers from their home because they are Jewish. The district judge dismissed the action on statute of limitations grounds, and we affirm.
 
 
 2
 In Illinois, all plaintiffs whose civil rights actions accrued before the Supreme Court's April 17, 1985 decision in Wilson v. Garcia, 471 U.S. 261 (1985), must file suit within the shorter period of either five years from the date the action accrued or two years after Wilson. Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir.1989); Anton v. Lehpamer, 787 F.2d 1141, 1146 (7th Cir.1986). The latest event alleged by the Millers occurred on December 21, 1984. The Millers thus had until April 17, 1987, the shorter period of two years after Wilson, to file suit. The Millers did not file this suit until June 26, 1989, more than two years after the limitations period had expired. As a result, their claims are time-barred.
 
 
 3
 To the extent the Millers argue that Illinois' five-year residual statute of limitations, Ill.Rev.Stat. ch. 110, p 13-205 (1989), should apply instead of the two-year personal injury statute of limitations, id. p 13-202, they waived this argument by failing to sufficiently place it before this Court on appeal. See Eli Lilly & Co. v. Comm'r, 856 F.2d 855, 873 n. 25 (7th Cir.1988). Merely incorporating by reference arguments found in district court pleadings will not suffice. See Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1430 (7th Cir.1986). We note, moreover, that our recent decision in Pearson v. Gatto, 933 F.2d 521 (7th Cir.1991), reaffirmed Kalimara 's holding that the two-year statute applies to § 1983 claims arising in Illinois. Id. at 525 n. 3.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The Millers have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record