69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald DEL RAINE, Plaintiff-Appellant,
v.
Gary L. HENMAN, Harvey Brooks, P.G. Keppler, Defendants-Appellees.
 Nos. 94-2500, 94-3632.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 24, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 On November 12, 1987, prison officials at USP-Marion denied the request of plaintiff Ronald Del Raine to have his dictionary returned to him.[2] Eight years later, he is still trying to file a complaint seeking its return. We agree with the district court that the statute of limitations bars this suit.
 
 
 2
 In September 1988, plaintiff attempted to file a complaint alleging a wrongful taking of the dictionary, but in accordance with a local rule, on November 14, 1988 the court clerk returned the complaint because it was too long. Plaintiff filed several petitions for mandamus in both the district court and this court, and all petitions were denied. On October 30, 1991, the district court again ruled that the complaint must be limited to two pages. Plaintiff filed still another petition for a writ of mandamus, which this court denied. On April 4, 1992, the Supreme Court denied certiorari.
 
 
 3
 On July 13, 1992, plaintiff filed this action for the alleged deprivation of his constitutional rights. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[3] On July 29, 1993, the district court granted Henman's motion to dismiss. On April 7, 1994, the district court dismissed Keppler on statute of limitations grounds, and dismissed Brooks for failure to serve him.
 
 
 4
 Plaintiff argues that by filing the petitions for writs of mandamus, he tolled the statute of limitations. A two-year statute of limitations applies to this action. See Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276 (7th Cir.1989); 735 ILCS 5/13-202. Because the refusal to return the dictionary occurred on November 12, 1987, normally the two year limitation would run on November 12, 1989. It was extended, however, by an Illinois statute tolling the statute of limitations for a person whose cause of action accrued during a period of criminal incarceration. (Previously Ill.Rev.Stat.1991, ch. 110, par. 13-211.) But plaintiff lost the benefit of this statute when, on January 1, 1991, Illinois eliminated the tolling provision for prisoners. See 735 ILCS 5/13-211 (1993); Wilson v. Giesen, 956 F.2d 738, 741 (7th Cir.1992).
 
 
 5
 Because the amendment shortened the limitations period, plaintiff must be given a reasonable time between the effective date of the amendment and the date when his claim would have been barred. The determination of what constitutes a reasonable time is determined on a case-by-case basis. Pearson v. Gatto, 933 F.2d 521, 526 (7th Cir.1991). In this case, that would be no time at all, since the date when his claim would have been barred absent the tolling provision was November 12, 1989--prior to the January 1, 1991 amendment which deprived prisoners of the tolling benefit. In that case, plaintiff is given an additional reasonable period after the effective date of the amendment in which to file a complaint. See Wilson, 956 F.2d at 742; Knox v. Lane, 726 F.Supp. 200, 202 (N.D.Ill.1989).
 
 
 6
 Plaintiff did not file a complaint which was served on defendants until July 13, 1992, 1 1/2 years beyond the January 1, 1991 limitation.[4] This is not a reasonable amount of time, and thus his claim is time-barred. See Farrell v. McDonough, 966 F.2d 279 (7th Cir.1992) (23-month delay is unreasonable); Wilson v. Giesen, 956 F.2d 738, 742 (7th Cir.1992) (Illinois courts generally hold that delays of more than one year are unreasonable; 23-month delay is unreasonable); Turner v. Addision, No. 93 C 1146 (N.D.Ill. June 24, 1994), 1994 WL 285075 at * 5 (25-month delay is unreasonable); Knox v. Lane, 726 F.Supp. 200, 203 (N.D.Ill.1989) (collecting cases regarding delays of 15 to 22 months).
 
 
 7
 Having drafted his first complaint in 1987, plaintiff clearly knew of the claim prior to the January 1, 1991 amendment. See Wilson, 956 F.2d at 742 (one factor to consider in determining whether delay is unreasonable is whether plaintiff knew of claim before shortening amendment took effect); see also Knox v. Lane, 726 F.Supp. 200, 203 (N.D.Ill.1989) (same). But plaintiff seeks the protection of an even longer tolling period. Plaintiff argues that the action was "constructively" filed, and should have been tolled while he filed his petitions for mandamus challenging the procedural requirements of the local rule regarding the length of a complaint.[5]
 
 
 8
 A court's refusal to accept a complaint due to its failure to comply with a local rule should not be viewed as a jurisdictional defect. In Gilardi v. Schroeder, 833 F.2d 1226, 1233 (7th Cir.1987), this court held that a court clerk improperly rejected a complaint, since it was adequate to comply with local rule which provided that clerk should accept complaint "without prepayment" of fees. But even if the district court "had improperly interpreted its own [local] rules, we would still be required to hold that the complaint was timely filed. If the plaintiff has filed a complaint in compliance with the statute and the Federal Rules of Civil Procedure, it should be deemed 'filed' for statute of limitations purposes), citing Sentry Corp. v. Harris, 802 F.2d 229 (7th Cir.1986).
 
 
 9
 See also Smith v. Frank, 923 F.2d 139, 141-42 (9th Cir.1991) (pleadings which are timely filed but overly long under local rules should not be rejected without reasonable, even if conditional, opportunity to conform to local rules; pleadings filed within statute of limitations but found to be overly long should be deemed timely filed; "local rules should not be construed as affecting the jurisdiction of the district court, but instead should merely regulate the practice within the court"); United States v. Dae Rim Fishery Co., Ltd., 794 F.2d 1392, 1395 & n. 2 (9th Cir.1986) (complaint is filed when it is placed in actual or constructive possession of clerk of court; failure to comply with local rule requiring simultaneous filing of complaint and summons does not create a jurisdictional bar); Loya v. Desert Sands Unified School Dist., 721 F.2d 279, 281 (9th Cir.1983) (complaint is considered "filed" when it arrives in custody of clerk within statutory period even though it fails to conform with formal requirements (paper size) set forth in local rules; "To uphold the clerk's rejection of [the complaint] would elevate to the status of a jurisdictional requirement a local rule designated merely for the convenience of the court's own record keeping"); Howell v. Michigan City Health Care, No. S92-287M (N.D.Ind. Aug. 11, 1992), 1992 WL 392630 (clerk had no authority under Fed.R.Civ.P. 5 to refuse to accept complaint simply because it was on the improper form).
 
 
 10
 Plaintiff's real problem is that he was given, but refused to use, his opportunity to conform to the local rule. His own actions caused an unreasonable delay. He could have filed a new, shorter complaint that complied with the local rule. Instead, he refused to do so, and thus any prejudice he suffered is attributable to his own conduct. See Kincaid v. Vail, 969 F.2d 594, 603 (7th Cir.1992) (where plaintiff alleges a delay or interruption in pending litigation, he must show prejudice; plaintiffs here failed to do so, since any prejudice suffered after court clerk returned complaint was "attributable to [plaintiffs'] later refusal to file the plaintiffs' complaint in any but small claims court"); Partee v. Cook County Sheriff's Office, 863 F.Supp. 778 (N.D.Ill.1994) (while plaintiff waited only 10 months after Illinois tolling provision took effect, he was barred by laches because he waited 7 years from time claim arose); Johnson v. Brown, 803 F.Supp. 1414, 1418-19 (N.D.Ind.1992) (while complaint is considered filed when received by clerk, and not when late filing fee is paid, there are limits: "a plaintiff should not be allowed to wait many months or years between submission of the complaint and compliance with the filing fee requirement").
 
 
 11
 Plaintiff relies on Cintron v. Union Pacific R.R. Co., 813 F.2d 917 (9th Cir.1987), but that case involved a procedural deficiency (format and payment of filing fee) which plaintiff corrected within a few days. In contrast, plaintiff went far beyond a reasonable time in correcting the procedural deficiency in his complaint.
 
 
 12
 Permitting the type of delay plaintiff created would prejudice the defendants' ability to defend against the allegations regarding the long-lost dictionary. See United States v. Kubrick, 444 U.S. 111, 117 (1979). In this case, defendants were not parties to the mandamus actions filed by plaintiff and thus had no notice of the existence of, or possible continued viability of, the claim. See Farrell v. McDonough, 966 F.2d at 282-83 (plaintiff's delay of 23 months after amendment depriving prisoners of tolling benefit was unreasonable; plaintiff could not use Fed.R.Civ.P. 15(c) to relate back since plaintiff failed to show that defendant received notice of his complaint within the applicable limitations period).
 
 
 13
 We conclude that action is time barred because the limitations period in this case began running on November 12, 1987; was tolled until January 1, 1991; and plaintiff failed to file the lawsuit within a reasonable period of time after Illinois eliminated the provision for tolling due to incarceration.[6]
 
 
 14
 Accordingly, the judgment of the district court dismissing this suit is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Upon consideration of the record, the briefs, and plaintiff's statement that no oral argument is necessary, the appeal is submitted on the record and the briefs
 
 
 [2]
 The dictionary was taken because it was too large. Prison officials told plaintiff it had been mailed to his sister's home, but plaintiff states that his sister never received it
 
 
 [3]
 Plaintiff was permitted to proceed on Count I, which sought the return of the dictionary. On November 30, 1992, Counts II, III, and IV, which sought the return of other personal property items, were dismissed pursuant to 28 U.S.C. Sec. 1915(d) because there were no allegations of personal involvement by the named defendants. Plaintiff does not appeal from that order
 
 
 [4]
 The magistrate judge raised the issue of tolling due to incarceration sua sponte, and the district court agreed that the tolling applied in this case until January 1, 1991. On appeal, plaintiff does not challenge the district court's finding that over 1 1/2 years was beyond the reasonable time in which the suit should have been filed. See Wilson v. Giesen, 956 F.2d at 741-42 (potential harshness of eliminating tolling due to incarceration is mitigated by allowing plaintiff a reasonable amount of time (typically no more than one year) after the effective date of the statute's amendment to a his claim)
 
 
 [5]
 At the time, former Local Rule 10 allowed the Clerk of the Court to return pleadings that were deficient in some respect
 
 
 [6]
 Plaintiff also argues that Brooks should not have been dismissed on the ground that he was never served. We need not address this issue, since the statute of limitations bars the action against Brooks, too