**Bill DEMITROPOULOS, on behalf of himself and all others similarly situated, Plaintiff,**

**v.**

**BANK ONE MILWAUKEE, N.A.; and Team Chevrolet, Inc., doing business as Team Chevrolet Geo, Defendants.**

**No. 95 C 1753.**

United States District Court, N.D. Illinois, Eastern Division.

May 13, 1996.

Daniel A. Edelman, James O. Latturner, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, Rick D. Young, Edelman & Combs, Chicago, IL, O. Randolph Bragg, Chicago, IL, for Bill Demitropoulos.

Richard F. Zehnle, Diane Marie Kehl, Christine A. Provost, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Bank One Milwaukee, N.A.

Gary Feiereisel, Terrence Franklin Guolee, Steven R. Johnson, Frank Kasbohm, Fraterrigo, Best & Beranek, Chicago, IL, for Team Chevrolet, Inc.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Following this Court's order granting in part and denying in part defendants Bank One Milwaukee, N.A. and Team Chevrolet, Inc.'s motion to dismiss, *see Demitropoulos v. Bank One Milwaukee, N.A.,* 915 F.Supp. 1399 (N.D.Ill.1996), plaintiff Bill Demitropoulos filed an amended complaint. As did his original complaint, Demitropoulos' amended complaint alleges that Bank One's standard automobile lease form violates several disclosure requirements of the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq.*[1] In

---

1. Demitropoulos' allegations are set forth in detail in this Court's previous opinion. For the

addition to claims not relevant here, the amended complaint adds allegations that Demitropoulos paid a $550 security deposit for his lease, Am.Compl. ¶¶ 8, and that Bank One earned interest on security deposits but did not credit lessees in any manner for such interest earned on security deposits. *Id.* ¶¶ 13, 30. All of these claims are brought by Demitropoulos individually and as a representative of a class of similarly situated others.

In Count I of the amended complaint, Demitropoulos claims that defendants violated the CLA by failing to disclose, *inter alia,* Bank One's policy and practice of retaining the interest earned on security deposits. Count III asserts a claim against Bank One for the same conduct under Wisconsin's Consumer Fraud Act, Wis.Stat. § 100.18. Count II asserts a claim against Bank One seeking restitution of the interest earned on lessee's security deposits (Count II). Bank One now moves to dismiss Counts II and III in their entirety, as well as that portion of the CLA claim in Count I that relates to interest earned on security deposits. Bank One contends that it was under no obligation to pay Demitropoulos interest on his security deposit and, accordingly, it did not engage in any fraud or violate the CLA by failing to disclose that it earned and retained interest on lessees' security deposits.

### ANALYSIS

#### Rule 12(b)(6) Standards

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). The only question is whether relief is possible under any set of facts that could be established consistent with the allegations. *Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir.1995); *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078

(7th Cir.1992) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). All well-pleaded facts are taken as true, all inferences are drawn in favor of the plaintiff and all ambiguities are resolved in favor of the plaintiff. *Northern Trust,* 69 F.3d at 129; *Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir.1992).

#### Discussion

Demitropoulos maintains that under Wis.Stat. § 409.207(2)(c), Bank One must either remit any interest earned on a lessee's security deposit to the lessee or otherwise credit the amount of such interest to the lessee's obligations under the lease. Section 409.207, which appears in the "secured transactions" chapter of Wisconsin's commercial code, provides:

> The secured party may hold as additional security any increase or profits (except money) received from the collateral, but money so received, unless remitted to the debtor, shall be applied in reduction of the secured obligation.

Wis.Stat. § 409.207(2)(c).

The Court is unpersuaded by Bank One's contention that § 409.207 is inapplicable on its face because it pertains to secured transactions, not leases. Section 409.102 of the Wisconsin Code sets out the scope of the secured transaction chapter and specifically instructs that, except for certain exceptions not relevant here, "this chapter applies ... [t]o *any* transaction (*regardless of its form* ) which is intended to create a security interest in personal property...." Wis.Stat. 409.102(1)(a) (emphasis added); *see also id.* § 409.102(2) ("This chapter applies to security interests created by contract including pledge...."). Accordingly, this Court concludes that where the terms of a lease create a security interest in certain collateral, the

---

sake of brevity, in this order the Court will presume familiarity with the case and will only discuss those allegations relevant to the pending motion to dismiss. However, the Court notes that in a footnote to paragraph 1 of the amended complaint, plaintiff's counsel state, "Plaintiff incorporates his original complaint by reference to preserve dismissed claims for appeal." Such a repleading of earlier dismissed claims is entirely unnecessary to preserve those claims for appeal

because any final appealable order entered in this case would bring up all previous nonappealable orders for appellate review. *See Smith v. Nat'l Health Care Servs. of Peoria,* 934 F.2d 95, 98 (7th Cir.1990); *Bastian v. Petren Resources Corp.,* 892 F.2d 680, 682–83 (7th Cir.1990). Accordingly, to the extent that Demitropoulos' amended complaint purports to incorporate any claims previously dismissed by this Court, those claims are dismissed.

provisions of the Wisconsin Code governing the secured party's rights and duties regarding such collateral are applicable. We concur in this regard with plaintiff, who contends that an instrument can both create a leasehold interest in the leased property (and thus be a "true lease") and create a security interest in collateral, in this case cash collateral. *See In re Atlanta Times, Inc.,* 259 F.Supp. 820, 827–28 (N.D.Ga.1966), *aff'd,* 383 F.2d 606 (5th Cir.1967) (noting that a security deposit delivered to a lessor by a lessee to insure lessee's performance under the terms of a true lease gave rise to a security interest in the money, which was perfected by the lessor's possession of the money).

 Additionally, for purposes of deciding the pending motion, the Court finds that the allegations of the complaint sufficiently allege that Bank One's lease form creates a security interest in the cash security deposits paid by lessees. Wisconsin's commercial code defines a security interest as "an interest in personal property . . . that secures payment or performance of an obligation." WIS.STAT. § 401.201(37)(a). Personal property includes money. *Id.* § 990.01(27). Here, as the term "security deposit" plainly conveys, a reasonable inference may be drawn that the $550 deposit that Demitropoulos left with Bank One was designed to secure his obligations under the lease. Thus, the Court concludes that § 409.207(2)(c) applies to the security deposits required under the Bank One lease forms. *See Werbosky . v. Ford Motor Credit Co.,* No. 95 Civ. 1876, 1996 U.S.Dist. LEXIS 1816, 1996 WL 76133 (S.D.N.Y. Feb. 22, 1996) (observing that the defendant car lessor "correctly concede[d]" that the equivalent provision of the New York commercial code governed the security deposits at issue). Hence, Bank One's motion to dismiss count II, which seeks restitution of interest allegedly earned on the secu-

rity deposits and retained by Bank One, is denied.

 We next consider Bank One's contention that it made no misrepresentation nor engaged in any deception in violation of Wisconsin's Consumer Fraud statute [2] by failing to disclose that it retained interest earned on lessees' security deposits. Bank One's core contention in this regard is as follows: "Because the Bank had no obligation to pay Plaintiff interest either under the lease or the UCC, the Bank had no duty to inform Plaintiff of the use it made of the security deposit." Mem.Supp.Mot.Dis. at 7. Bank One is certainly correct that Wisconsin's commercial code does not require the payment of interest on security deposits but rather the code requires only that *if* there is any interest or profits received from the collateral, any such money received must be remitted or otherwise credited to the lessee. However, this is largely beside the point. Implicit in the amended complaint, is the proposition that Bank One did in fact earn interest on lessees' security deposits and failed to disclose its retention of those funds, to which lessees are legally entitled. The proper framing of the question, then, must be whether—in light of lessees' entitlement to the funds—Bank One's nondisclosure of the fact that it retained the funds is deceptive or misleading.

 It has long been held in Wisconsin that laws in force at the time of contracting enter into and become a part of the contract. *City of Milwaukee v. Raulf,* 164 Wis. 172, 184, 159 N.W. 819, 823 (1916) ("The existing law of the land is a part of every contract and must be read into it."). Further, "[i]t must be assumed that parties to a contract ha[ve] knowledge of the law in effect at the time of the agreement." *Krause v. Massachusetts Bay Ins. Co.,* 468 N.W.2d 755, 758, 161 Wis.2d 711, 718 (App.1991). Thus, this Court

---

**2.** Section 100.18 of the Wisconsin Statutes provides in pertinent part:

 No person . . . with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, . . . or lease of any . . . merchandise . . . shall . . . disseminate . . . or place before the public . . . in this state, in a newspaper, magazine or other publication . . . or in any other way simi-

lar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale . . . or lease . . . or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading.
WIS.STAT. § 100.18.

must presume that parties who entered into a Bank One lease did so with the expectation that if interest were earned on security deposit funds it would be remitted or otherwise credited to the lessees. And, in view of this presumption, Bank One's alleged silence as to its "policy and practice of failing to disclose the retention of interest on security deposits," Amend. Compl. ¶ 32, could be found to be deceptive under Wisconsin's consumer fraud statute, because that silence could be understood to imply that Bank One indeed complies with the dictates of Wisconsin's commercial code when in fact it does not. Therefore, Bank One's motion to dismiss count III of the amended complaint is denied.

█ Finally, we consider Bank One's argument that the CLA does not require disclosure of its alleged practice of retaining interest earned on security deposits. The CLA expressly requires a lessor to disclose to lessees:

(4) The amount of other charges payable by the lessee not included in the periodic payments ...;

(5) A statement of the amount or method of determining the amount of any liabilities the lease imposes upon the lessee at the end of the term ...; [and]

(8) A description of any security interest held or to be retained by the lessor in connection with the lease ... [.]

15 U.S.C. § 1667a(4), (5), & (8).

█ The Court finds all three of these provisions applicable to Bank One's practice of retaining security deposit interest. Plainly, under § 409.207(2)(c) of Wisconsin's commercial code, lessees are entitled to remittance of, or credit for, any interest earned by Bank One on security deposit funds. Bank One's retention of the interest—funds lawfully owed to lessees—imposes a liability on the lessees. Thus, § 1667a requires disclosure of Bank One's practice of retaining the interest. As the *Werbosky* court noted in holding that § 1667a requires disclosure of retained security deposit interest, "[a]t the end of the lease term, a lessee is entitled to receive the security deposit plus profits earned on the security deposit. [The lessor's] retention of the profits imposes a liability on the lessee. Therefore, [the lessor] has a duty, pursuant to 15 U.S.C. § 1667a, to disclose the fact that it retains the profits." *Werbosky v. Ford Motor Credit Co.*, No. 95 Civ. 1876, 1996 U.S.Dist. LEXIS 1816, 1996 WL 76133 (S.D.N.Y. Feb. 22, 1996). Additionally, § 1667a is also applicable insofar as Bank One's practice of retaining funds lawfully owing to lessees amounts to the imposition of a "charge payable by the lessee not included in the periodic payments." Finally, to the extent that the interest earned on security deposits and retained by Bank One amounts to additional security held by Bank One in connection with the lease, § 1667a(8) requires disclosure of Bank One's practice. For all of these reasons, Bank One's motion to dismiss the CLA claims relating to Bank One's retention of security deposit interest is denied.

### CONCLUSION

Bank One's motion to dismiss is denied in its entirety. A status hearing in this matter is set for June 4, 1996 at 9:00 a.m.