105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Delois PORTER, Defendant-Appellant.
 No. 96-1450.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 31, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Represented by counsel, Willie Delois Porter consented to trial before a magistrate judge in this proceeding, initiated by a citation under 41 C.F.R. § 101-20.305 for disorderly conduct. See Fed.R.Crim.P. 58(b)(3)(A). The magistrate judge found Porter guilty of attempting to punch an officer of the Federal Protective Services but did not impose a fine or any other concrete punishment. Porter appealed to a district judge. See 18 U.S.C. § 3402; Fed.R.Crim.P. 58(g)(2). On March 6, 1995, the district judge affirmed. On motion for reconsideration the judge vacated that judgment, entertained argument, and affirmed again. That order was entered on October 19, 1995.
 
 
 2
 More than three months later, on January 25, 1996, Porter filed a second motion for reconsideration. The district judge denied this motion as untimely by an order dated February 8, 1996. Porter filed a notice of appeal to this court on February 23, 1996. We dismiss this appeal for want of jurisdiction.
 
 
 3
 Two final decisions were entered in this case: one on March 6, 1995, and the second, after reconsideration, on October 19, 1995. A successive motion for reconsideration is ineffectual and does not affect the time for appeal, unless the judge makes a substantive alteration in the judgment, which did not occur here. See Charles v. Daley, 799 F.2d 343 (7th Cir.1986). What is more, the second motion for reconsideration was late by any standard. The time for appeal therefore began to run on October 19, 1995, and the appeal is untimely whether we use the 10-day criminal period under Fed.R.App.P. 4(b) or the 60 day civil period under Fed.R.App.P. 4(a)(1).
 
 
 4
 Porter contends that she did not receive notice of the October 19 order until December 19, 1995. But the time starts with the entry of the order, not receipt of notice, see United States v. Kimberlin, 898 F.2d 1262, 1266-67 (7th Cir.1990), and Porter did not attempt to take advantage of whatever opportunity Fed.R.App. 4(a)(6) may have offered for an extension of time. (It offered none, for the aggrieved party must seek an extension within seven days of receiving notice, and Porter did not.) What is more, the appeal was filed more than 60 days after the date Porter concedes receiving notice. No interpretive strategy can save this appeal, which is dismissed for want of jurisdiction.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)