**Joseph LAWSON and Kimberly Lawson, Plaintiffs,**

v.

**BANK ONE, LEXINGTON, N.A., Defendant.**

**Civil Action No. 96–334.**

United States District Court, E.D. Kentucky, Lexington Division.

Sept. 19, 1997.

ed by a shelf, failure to provide evidence of the length of the spill's existence would assume greater importance.

Edward E. Dove, Lexington, KY, James O. Latturner, Cathleem M. Combs, Daniel A. Edelman, Charles E. Petit, Michelle A. Weinberg, Edelman & Combs, Chicago, IL, for Plaintiffs.

Henry E. Kinser, Penny R. Warren, Wyatt, Tarrant & Combs, Lexington, KY, Richard F. Zehnle, Diane M. Kehl, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendant.

## OPINION AND ORDER

FORESTER, District Judge.

This matter is before the Court on defendant's motion for summary judgment [docket entry 17]. Plaintiffs, Joseph Lawson and Kimberly Lawson, have responded to said motion [docket entries 32 and 33], and defendant has replied [docket entry 41]. Thus, this matter is ripe for review.

### I. FACTUAL AND PROCEDURAL HISTORY

This action arises from the signing of an automobile lease by plaintiffs, Joseph Lawson and Kimberly Lawson, husband and wife (collectively "Lawsons"). On July 2, 1994, plaintiffs entered into a personal automobile lease with Bank One, Lexington, N.A. ("Bank One") covering the lease of a new Ford Explorer for a term of 60 months. Payments under the lease totaled $22,584.60. The Lawsons paid a security deposit for their lease in the amount of $400.00, which will be refunded upon termination of the lease as provided by the contract. The lease is still in effect. Bank One deposits its consumer lease security deposits into the general operating funds of the bank rather than in a separate interest bearing account. Pursuant to the contract, the security deposit may not be used as a final payment or any monthly payment under the terms of the lease. It remains the property of the lessee at all times unless the lessee defaults under the lease. The contract does not address the issue of profits or interest earned on the security deposit. Bank One admits that it does not credit lessees for profits or interest earned on said security deposits.

Plaintiffs challenge the practices of defendant, Bank One, in connection with Bank One's consumer automobile leases. On July 31, 1996, plaintiffs filed a four-count complaint against defendant. Count I alleges a violation of the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq.*, through failure to disclose the nonpayment of interest on security deposits. Count II alleges a violation of the CLA through failure to properly disclose charges for early termination or for partial late payments. Count III alleges a violation of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.170, specifically, that defendant committed unfair and deceptive acts by retaining interest on plaintiffs' security deposit and not disclosing the same. Count IV states a claim under Kentucky's Uniform Commercial Code for restitution for profits and interest earned on security deposits which were retained by Bank One.

### II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56(b), defendant moves the Court for entry of summary judgment in its favor as to Counts I, III, and IV of the complaint.

#### A. Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Companies,* 8 F.3d 335, 340 (6th Cir.1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (citations omitted).

### B. Analysis

. As the defendant seeks summary judgment on three of the four counts in the complaint, the Court analyzes each claim in no certain order.

**1. Whether plaintiffs are entitled to restitution of profits and interest earned on security deposits which were retained by Bank One.**

Plaintiffs base Count IV, their claim for restitution of profits and interest earned on the $400 security deposit, on Kentucky's version of the Uniform Commercial Code ("U.C.C."), codified in Chapter 355 of the Kentucky Revised Statutes. Specifically, plaintiffs rely on U.C.C. § 9–207, which provides:

(2) Unless otherwise agreed, when collateral is in the secured party's possession

(c) The secured party may hold as an additional security any increase or profits (except money) received from the collateral, but money so received, unless remitted to the debtor, shall be applied in reduction of the secured obligation.

KRS 355.9–207(2)(c).

In order for the Court to determine whether plaintiffs are entitled to relief pursuant to U.C.C. § 9–207, the Court must discern whether Bank One is a secured party which holds plaintiffs' security deposit on plaintiffs' consumer automobile lease as a U.C.C. security interest. In short, the issue is whether security deposits on personal property fall within the purview of Article 9 of the Kentucky Uniform Commercial Code. Kentucky courts have not addressed this question to date, thus, this Court must decide this issue as a matter of first impression.

KRS 355.9–102 defines the scope of Article 9. Said statute provides in part,

(1) Except as otherwise provided in KRS 355.9–104 on excluded transactions,[1] this article applies:

(a) To any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, or accounts; ...

(2) This article applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, contract and lease or consignment intended as security. This article does not apply to statutory liens except as provided in KRS 355.9–310.

KRS 355.9–102. Security interest, referred to herein, is defined as,

[A]n interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer is limited in effect to a reservation of a security interest. ...

---

1. The excluded transactions set forth in KRS 355.9–104 are not relevant to the Court's discussion of plaintiffs' security deposit and thus shall not be set forth here.

KRS 355.1–201(37). Plaintiff argues that their security deposits for automobile leases fall within this definition. To wit, they argue that the lessor is given a possessory interest in the deposit during the lease term to ensure that the lessee will make payments and return the automobile in good condition with all due taxes paid. Defendant counters that Article 9 does not apply to security deposits on personal property.

There is limited existing authority to aid the Court in its quest to categorize plaintiffs' security deposit. Various courts have held that the lessee/lessor relationship is one similar to the debtor/creditor relationship. *See e.g., Mallory Associates, Inc. v. Barving Realty Co., Inc.*, 300 N.Y. 297, 90 N.E.2d 468 (1949). Courts have expounded on the debtor/creditor relationship to hold that a security deposit does not create a pledge but rather creates a "contract right." *See U.S. v. Samel Refining Corp.*, 461 F.2d 941, 943 (3d. Cir.1972) (applying Pennsylvania law to landlord/tenant relationship); *Korens v. R.W. Zukin Corp.*, 212 Cal.App.3d 1054, 261 Cal.Rptr. 137 (1989) (held landlord did not have implied duty to pay interest on security deposit under theory that payment of deposit created trust or pledge relationship). *See also, In re Empire Laundry, Inc. of Lynn*, 27 U.C.C.Rep.Serv.2d 715, 722, 1995 WL 584514 (Bankr.D.Mass.1995) (held that a debtor's deposit with a public utility as security for performance under a contract was a contract right); *State by Van Riper v. Atlantic City Elec. Co.*, 23 N.J. 259, 128 A.2d 861 (1957) (held security deposit created a debtor/creditor relationship between power company and its customers).

■ If the Court follows the characterization of the lessee/lessor relationship as one of a debtor/creditor, then Article 9, which only applies in cases where the parties intended that the collateral be used as a security

interest by contract or pledge, does not apply.

On the other hand, two courts have found U.C.C. § 9–207 should apply to a vehicle lease, as the security deposit acts as a pledge to secure the lessee's obligation. *See, Werbosky v. Ford Motor Credit Company*, 1996 WL 76133 (S.D.N.Y.1996) (after defendant conceded the point that Article 9 of the U.C.C. governs security deposits on automobile leases, the court held that the lessor must either remit the interest to the lessee or apply the interest to reduce the lessee's obligation under the lease);[2] *Demitropoulos v. Bank One, Milwaukee, N.A.*, 924 F.Supp. 894 (N.D.Ill.1996) (relying on *Werbosky*, found that security deposits on vehicle leases fall under the purview of Article 9).

In this case, the Lawsons entered into a contractual obligation which is silent as to interest earned on plaintiffs' security deposit. The Court finds that plaintiffs' relationship with the bank is one of a debtor/creditor relationship. Accordingly, the Court finds that KRS 355.9–207 does not apply to security deposits on leased vehicles. Thus, in the absence of a statute which mandates that a lessor remit interest earned on security deposits on personal property to the lessee, the Court finds that no such duty exists.

**2. Whether defendant violated the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.*, by its failure to disclose the nonpayment of interest on security deposits.**

Congress passed the Consumer Leasing Act as an amendment to the Truth In Lending Act ("TILA") "to assure meaningful disclosure" of personal property lease terms to "enable the lessee to compare more readily the various lease terms available to him [or her] [and to] limit balloon payments in consumer leasing." 15 U.S.C. § 1601(b). Section 1667a of the CLA requires disclosure of:

---

**2.** To date, two courts have, in published opinions, voiced their disagreement with the portion of the holding in *Werbosky v. Ford Motor Credit Company* related to its analysis of U.C.C. § 9–207. *See, Wiskup v. Liberty Buick Co., Inc.*, 953 F.Supp. 958, 972–73 (N.D.Ill.1997) (held that "the enactment of the UCC in Illinois had no discernible effect on the lessor's duties concerning the lessee's security deposit" which is addressed by Illinois statute that was promulgated before the UCC was adopted in Illinois); *Steinmetz v. Toyota Motor Credit Corporation*, 963 F.Supp. 1294 (E.D.N.Y.1997) (held New York's version of U.C.C. § 9–207 does not apply to the security deposit on an automobile lease because a more specific statute addresses said security deposits, namely the New York General Obligations Law section 7–101).

(4) the amount of other charges payable by the lessee not included in the periodic payments, a description of the charges and that the lessees shall be liable for the differential, if any, between the anticipated fair market value of the leased property and its appraised actual value at the termination of the lease, if the lessee has such liability;

(5) a statement of the amount or method of determining the amount of any liabilities the lease imposes upon the lessee at the end of the term and whether or not the lessee has the option to purchase the leased property and at what price and time;

(8) a description of any security interests held or to be retained by the lessor in connection with the lease and a clear identification of the property to which the security interest relates

among other items which are irrelevant to the suit *sub judice*. 15 U.S.C. § 1667a. A lessor which fails to comply with the provision of the Act is liable to the lessee for damages.

The issue before the Court is whether the CLA requires defendant to disclose its practice of holding plaintiffs' deposit and retaining any profits thereby earned. The statute itself does not directly speak about the profits derived from the lessee's security deposit. It appears as though neither the U.S. Supreme Court nor the Sixth Circuit Court of Appeals has addressed this issue.

The plaintiffs urge the Court to follow several U.S. District Court decisions from outside the Sixth Circuit which have found that the CLA requires a lessor to disclose its profit keeping practice. *See Werbosky v. Ford Motor Credit Co.*, 1996 WL 76133 (S.D.N.Y.1996) (after determining that lessees were entitled to interest earned on security deposits pursuant to U.C.C. § 9–207, held (a) that subpart (5) of 15 U.S.C. § 1667a encompasses the interest earned on a security deposit because the defendant's retention of the same creates a liability on the lessee; (b) that subpart (4) encompasses the profits because the profits are payable; and (c) with-out offering explanation, that subpart (8) encompasses profits); *Demitropoulos v. Bank One Milwaukee, N.A.*, 924 F.Supp. 894 (N.D.Ill.1996) (after finding that U.C.C. § 9–207 entitled lessee to interest earned on his security deposit, held that lessor's failure to disclose its intent to keep the same could be found to be deceptive under Wisconsin's consumer fraud statute and that the CLA required disclosure of lessor's practice of retaining interest). Like the plaintiffs in the cases cited above, plaintiffs in this case argue that the failure to return money owed to them results in plaintiffs paying additional amounts under the lease. They submit that the defendant's nondisclosure violates 15 U.S.C. § 1667a(4), (5) and (8).

In opposition to plaintiffs' position, defendant relies on a decision handed down by the U.S. District Court for the Northern District of Ohio in *Gaydos v. Huntington National Bank*, 941 F.Supp. 669 (N.D.Ohio 1996). In that case, plaintiffs, on behalf of a class of lessees, sought relief from defendant lessor for the latter's use of plaintiffs' security deposits without accounting for such profits, remitting profits to plaintiffs, or applying the profits to reduce the financial obligations under the plaintiffs' respective leases and for the lessor's failure to disclose that it would do the same. The Court, without addressing whether interest earned was due plaintiffs under U.C.C. § 9–207, found that the CLA did not require the lessor to disclose its interest retaining practice. With respect to 15 U.S.C. § 1667a(4), the Court found that the accrual and retention of interest earned from plaintiffs' deposit does not constitute a "charge payable" as that term is used in the CLA because the assessable sum is not specific. Moreover, the Court found that the unavailability of such funds did not constitute a "charge." With respect to § 1667a(5), the Court, considering Regulation M found at 12 C.F.R. § 213.4, and the legislative history of the Act, found that the term "liability" does not encompass profits earned from a lessee's security deposit. Accordingly, the Court found that defendant did not violate said subsection. Finally, with respect to § 1667a(8), the Court, after considering 12 C.F.R. § 213.4(g)(2), (9), and § 213.2(b)(2),

found that the security deposit collected from plaintiffs need only be disclosed once, as an initial payment at the time the lease was consummated. *See also, Wiskup v. Liberty Buick Co., Inc.,* 953 F.Supp. 958 (N.D.Ill. 1997) (held CLA does not require disclosure of policy of retaining interest earned from security deposits).

This Court agrees with the holding and analysis in *Gaydos v. Huntington National Bank,* 941 F.Supp. 669 (N.D.Ohio 1996), and thus finds that the CLA does not require the defendant lessor to disclose its practice of retaining profits earned on plaintiffs' security deposit.[3]

3. **Whether defendant violated the Kentucky Consumer Protection Act ("KCPA"), KRS 367.170, by committing unfair and deceptive acts by retaining interest on plaintiffs' security deposits.**

KRS 367.170 provides that:

(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(2) For purposes of this section, unfair shall be construed to mean unconscionable.

KRS 367.170. Plaintiffs argue that by retaining the interest or profits earned on plaintiffs' security deposit and by not disclosing that it intended to do the same, the Bank violated the KCPA.

As the Court has found that defendant is not bound to remit interest earned on said security deposits, or to disclose its practice of retaining the same, the Court finds that plaintiffs have no basis for a claim against defendant under the KCPA.

## III. CONCLUSION

In sum, the Court finds that Kentucky's version of Article 9 of the U.C.C. does not apply to security deposits on vehicle leases. Additionally, the Court finds that the CLA does not require a lessor to disclose its practice of retaining profits earned on security deposits on vehicle leases. Finally, the

Court finds that no right of action exists under the KCPA against lessors who retain profits earned on security deposits on vehicle leases while failing to disclose the same.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS THAT the motion of the defendant, Bank One, for Summary Judgment on Counts I, III and IV of plaintiffs' complaint, IS GRANTED, and Summary Judgment will be entered contemporaneously with this Opinion and Order in favor of Bank One as to these specific counts.

---

3. Also swaying the Court to find in the bank's favor is the fact that Bank One used the Model Lease Form found in the regulations. The form

makes no mention of interest gained on security deposits.