151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie Delois PORTER, Plaintiff-Appellant,
v.
UNITED STATES GENERAL SERVICES ADMINISTRATION, et al.,
Defendants-Appellees.
 No. 97-4230.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1998.
Decided July 22, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 7377 Charles R. Norgle, Sr., Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 On October 10, 1994, while in the second-floor cafeteria at the Kluczynski Federal Building in Chicago, Willie Porter was identified as a theft suspect by an IRS employee. Porter tried to punch the two Federal Protective Services officers who attempted to question her, and they arrested her for disorderly conduct. She was found guilty of the disorderly conduct charge in 1995. See United States v. Porter, No. 96-1450, 105 F.3d 660; 1996 WL 744606 (7th Cir. Dec.31, 1996) (table; unpublished order), cert. denied, 520 U.S. 1177, 117 S.Ct. 1452, 137 L.Ed.2d 557 (1997). On November 25, 1996, Porter filed this suit under Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 42 U.S.C. §§ 1985(3), 1986, charging that various FPS and GSA officers had engaged in a racially motivated conspiracy to violate her Fourth Amendment rights by arresting her. The district court dismissed the suit pursuant to the defendants' Rule 12(b)(6) motion on grounds that the two-year Bivens and one-year § 1986 statutes of limitations had already expired when Porter filed her suit. Porter has filed a timely appeal, and we affirm.
 
 
 2
 We review Rule 12 dismissals de novo. Goshtasby v. Board of Trustees, 141 F.3d 761, 764 (7th Cir.1998); Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir.1996). Citing Beard v. Robinson, 563 F.2d 331, 334 (7th Cir.1977), and Johnson v. Arnos, 624 F.Supp. 1067 (N.D.Ill.1985), Porter claims that the statute of limitations on Bivens actions in Illinois is five years. See 735 ILCS 5/13-205 (5-year limitations period for actions not otherwise provided for). However, the caselaw cited by Porter is no longer good law. We have long held that the proper statute of limitations for federal civil rights actions arising out of events in Illinois is two years, see 735 ILCS 5/13-202 (two year statute of limitations for personal injury actions), and we have expressly disapproved of the reasoning in Johnson. See Kalimara v. Illinois Dept. of Corr., 879 F.2d 276, 277 (7th Cir.1989) (per curiam). Therefore, a Bivens action in Illinois is subject to a two-year limitations period. See Delgado-Brunet v. Clark, 93 F.3d 339 (7th Cir.1996).
 
 
 3
 Porter's claims accrued on the date when she believed that her rights allegedly had been violated, which was October 10, 1994. See Washington v. Summerville, 127 F.3d 552, 556 (7th Cir.1997) (holding that because false arrest claims do not undermine the validity of a conviction, Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), does not change the date on which § 1983 claims based on false arrest must be filed), cert. denied, 118 S.Ct. 1515 (1998). Because this suit was filed on November 25, 1996, more than two years after October 10, 1996, her Bivens claims are time-barred. Porter's § 1986 claims are also time-barred, since by its terms, that statute has only a one-year limitations period.
 
 
 4
 AFFIRMED.